WAYNE A. SILVER, Esq. (CA 108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94087
Email: w_silver@sbcglobal.net
Tel. (408) 720-7007
Fax. (408) 720-7001
(*Admitted Pro Hac Vice*)

LAW OFFICES OF AMY N. TIRRE
Amy N. Tirre, Esq. (NV 6523)
3715 Lakeside Dr., Suite "A"
Reno, NV 89509
Email: amy@amytirrelaw.com
Tel. (775) 828-0909
Fax. (775) 828-0914

Attorneys for Plaintiff,
KENMARK VENTURES, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>AT EMERALD, LLC,<br><br>       Debtors. | Case No. BK-N-14-50333-BTB<br>Case No. BK-N-14-50331-BTB<br><br>Chapter 7<br><br>[Jointly Administered] |
| KENMARK VENTURES, LLC<br><br>       Plaintiff,<br>   v.<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>       Defendants. | Adv. Pro. No. 14-5022<br><br>**PLAINTIFF KENMARK VENTURES, LLC'S TRIAL STATEMENT**<br><br>      Pre-Trial<br>Conference Date:  October 7, 2015<br>        Time:  2:00 p.m.<br>  Courtroom:  Two<br>  **Trial Date:  October 15, 2015** |

     Reserving all rights and remedies, Plaintiff KENMARK VENTURES, LLC ("Kenmark") submits this Trial Statement.

    **1.**     **Fed.R.Bankr.Pro.7026(a)(3) Pre-Trial Disclosures**

1   Kenmark filed the attached FRBP 7026(a)(3) Pre-Trial Disclosures with the Court on

2   September 16, 2015 as Docket No. 33 in the above-captioned Adversary Proceeding No. 14-5022

3   ("Adversary Proceeding"). Kenmark filed the attached First Supplement to FRBP 7026(a)(3) Pre-

4   Trial Disclosures with the Court on September 22, 2015 as Docket No. 34 in the Adversary

5   Proceeding.

6   **2.    Nature of the Action and Kenmark's Contentions**

7   Kenmark is suing Defendant and Debtor ANTHONY THOMAS[1] ("Thomas") for a

8   determination that a $4.5 million dollar judgment against him is non-dischargeable under 11 U.S.C.

9   §523(a)(2)(A)[2] for fraud – intentional misrepresentation and concealment.

10   Thomas is a con artist who defrauded Kenmark out of $6,110,000.00. Kenmark's unfortunate

11   involvement in Thomas's scam began in the summer of 2007, when Thomas approached the

12   principals of Kenmark with an "investment opportunity" in ELECTRONIC PLASTICS, LLC

13   (referred to as "EP"). EP was a Nevada LLC that Kenmark believes became a Delaware LLC. EP

14   was also registered as a foreign LLC in California that filed for bankruptcy in 2009. The names,

15   multiple addresses and relationships among these (and perhaps other) entities named ELECTRONIC

16   PLASTICS are unclear, and the lack of clarity is no accident.

17   AT EMERALD (a Debtor in these consolidated bankruptcy cases) was a founder and

18   majority stakeholder in EP. Thomas was initially the sole member of AT EMERALD, until he took

19   on MICHAEL GARDINER ("Gardiner") as an equal "partner" for no consideration sometime in

20   2006. Thomas became the sole member and managing member of AT EMERALD again by July,

21   2008. Any distinction between Thomas and AT EMERALD is a sham.

22   Thomas told Kenmark's principals how he and others (Gardiner and WAYNE DRIZIN

23   ("Drizin")) had developed "a revolutionary and proprietary biometric smartcard technology for

24   authenticating identification of electronic transactions and other applications" ("Smartcard

25

26   ───────────────

[1] Defendant WENDI THOMAS is sued solely to the extent of her community property interests
and to the extent Kenmark is determined to be the holder of a "community claim" as defined by
11 U.S.C. §101(7), et seq.

27

28   [2] Further references to Title 11 of the U.S. Code are referred to as "Code §."

Plaintiff Kenmark Ventures, LLC's Trial Statement

Technology"). To induce Kenmark to loan him money, Thomas made a number of false statements to Ken Tersini (one of Kenmark's principals), and concealed material facts about the Smartcard Technology, the status and financial condition of EP, and the cast of characters behind EP. The list of Thomas's false statements and concealments of material facts is long.

- <u>False Statements</u>

The timing and sequence of Thomas's false statements bear the hallmark of a classic con. First, Thomas told Ken Tersini that EP was at the stage of marketing the Smartcard Technology for commercial use and manufacturing, and EP had a signed order on hand for Smartcards from a South Korean Bank which would generate $200 million in sales. Next, Thomas told Ken Tersini that the Korean Bank opportunity and perhaps all of EP would be lost if Thomas did not immediately secure additional funding to pay the upcoming EP payroll. Thomas's statements were false. There was no Korean Bank deal. Even worse, the EP Smartcard Technology was nowhere near the stage of marketing for commercial use and manufacturing. But the real kicker was when Thomas told Ken Tersini was that that EP owned or had an exclusive worldwide license for the use of the Smartcard Technology for all commercial purposes including manufacturing and marketing. That statement was also false, as EP's right to the Smartcard Technology was being challenged in a pending lawsuit, discussed below. Finally, the EP Business Plan that Thomas gave to Ken Tersini contained a number of false statements.

Thomas knowingly and intentionally made these false statements, and gave Kenmark the EP Business Plan, knowing Kenmark would rely on them in making its decision to loan money to Thomas and EP.

- <u>Concealment of Material Facts</u>

One of Thomas's most egregious concealments was the existence of a contentious lawsuit filed by E-Smart Technologies ("E-Smart") against EP, Gardiner and Drizin that was pending in 2007 when Thomas conned Kenmark out of the $6,110,000.00. That lawsuit alleged that EP had stolen the Smartcard Technology from E-Smart, when E-Smart employee Drizin left E-Smart and joined forces with Gardiner, who was alleged to have previously manufactured defective products for E-Smart and thereby gained access to E-Smart's proprietary technology. Another serious

Plaintiff Kenmark Ventures, LLC's Trial Statement

concealment was the fact both Drizin and Gardiner were alleged to be convicted felons. And the list goes on. Thomas knowingly and intentionally concealed these material facts knowing Kenmark would not invest in EP if the truth were told.

- The Thomas Emerald

To seal the deal and reassure Kenmark that due diligence was not necessary (there was no time for due diligence given the imminent loss of that lucrative Korea Bank deal and collapse of EP), Thomas offered Kenmark a first priority security interest in an uncut emerald specimen of approximately 21,000 carats (the "Thomas Emerald") to secure the loan, along with documents that supported the Thomas Emerald's bogus value of hundreds of millions of dollars. Thomas stated he was the owner of the Thomas Emerald. Thomas provided a notarized statement; "the History of the Thomas Emerald", explaining how he had come to own the Thomas Emerald.  The History claims the Emerald was "presented" to Thomas by a group of Brazilian miners, grateful for his financial and other assistance. Thomas first showed and then gave Ken Tersini pictures of the Emerald as well as appraisals. These appraisals ranged from a low of $650 million to a high of $800 million. Each appraisal waxed poetic about the grand and rare the Thomas Emerald.  It was represented as "one of the largest emeralds in the world, if not the largest."

Since the amounts being requested by Thomas were infinitesimal compared to a value of the Thomas Emerald ($600 – $800 million), Kenmark felt that its first security position in the Thomas Emerald would over-secure the total loan advances by a factor of at least 100.

- Kenmark's Loan, EP's Demise and the Aftermath

Kenmark ultimately loaned Thomas and EP a total of $6,110,000.00 evidenced by, among other things, a Demand Note and Security Agreement, only to find out EP was a sham, built on wrongfully appropriated technology from another company, and was destined to fail. Likewise, the true value of the Thomas Emerald (which Thomas purchased for $20,000 and was appraised at $400,000 when he bought it), comes nowhere close to the amount of Kenmark's loan.

When EP failed in the fall of 2008 (of course right after all of Kenmark's money was gone), Thomas stopped communicating with Kenmark, and had his attorney write Kenmark proclaiming the loan was actually an equity investment in EP, Kenmark had released its security in the Thomas

Plaintiff Kenmark Ventures, LLC's Trial Statement

Emerald, and Thomas would not pay anything back to Kenmark on the $6,110,000.00 loan. A lawsuit followed in the Santa Clara Superior Court, Case No. 108CV130667 (the "State Court Action").

Thomas, who was represented by counsel in the State Court Action, agreed to a settlement in the amount of $5.0 million as a condition of which Kenmark released its security interest in the Thomas Emerald. After the first payment of $500,000 to Kenmark on or about January 1, 2013, no other payments were made on the settlement. Thomas subsequently agreed to entry of a Judgment on the Fourth and Fifth Causes of Action in the Complaint in the State Court Action for $4.5 million if a payment of $575,000 was not made on the settlement by January 30, 2014. Thomas signed a Stipulation for Judgment in the event the $575,000 was not made; that payment was never made.

Thomas filed the above-captioned bankruptcy case on March 14, 2014 under Chapter 11, which prevented entry of the Judgment in the State Court Action. On June 23, 2014, Thomas filed a motion to sell the Thomas Emerald for $200 million to a company called the Koyo Shipping and Trading Company[3]. When that turned out to be another sham, this Court converted the Chapter 11 to Chapter 7, by order entered on August 29, 2014 (Docket No. 190 in Thomas's bankruptcy Case No. BK-N-14-50333-BTB).

On May 31, 2014, Kenmark sued Thomas in this Adversary Proceeding for a determination of the dischargeability of Thomas's unpaid debt of $4.5 million debt pursuant to the settlement in the State Court Action,[4] alleging claims for relief under Code §523(a)(2)(A) for fraud and concealment. Trial is set for October 15, 2015.

**3.    The Bankruptcy Court Has Core Jurisdiction**

The bankruptcy court has jurisdiction of this Adversary Proceeding under 28 U.S.C. §1334(b) and the General Order of Reference, and may enter a final judgment on all "core" matters. The Adversary Complaint has three Claims for Relief:

---

[3] This motion was initially filed under seal, however this Court vacated the Order to Seal on February 11, 2015 (Docket No. 250 in Thomas's bankruptcy Case No. BK-N-14-50333-BTB).

[4] Kenmark obtained relief from stay to obtain entry of that Judgment in the State Court Action and has submitted a proposed order to the bankruptcy court.

Plaintiff Kenmark Ventures, LLC's Trial Statement

- Money Damages for Breach of Contract

The First Claim for Relief was likely mooted when this Court granted Kenmark relief from stay to seek entry of the Judgment, thereby liquidating Kenmark's damages to $4.5 million plus interest at 10%. Assuming the Judgment is entered in State Court by the time of trial in this Adversary Proceeding, Kenmark will have a liquidated claim and therefore not be required to plead and prove damages against Thomas.

- Determination of Dischargeability of the Judgment Code §523(A)(2)

The Second and Third Claims for Relief seek a determination of the dischargeability of the Judgment (debt) under Code §523(a)(2)(A). Congress has expressly defined as core "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I). And "[b]ankruptcy courts have exclusive jurisdiction over nondischargeability actions brought pursuant to Code § 523(a)(2) [and] (4)." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 904 (9th Cir. 2001). Indeed, the Ninth Circuit has recently referred to §523(a) dischargeability actions as involving "a prototypical bankruptcy context." *In re Deitz*, 760 F.3d 1038, 1043 (9th Cir. 2014)

**4.    Stipulated Facts**

None.

**5.    Contested Issues of Law**

Kenmark presumes all issues of law are going to be contested.

- **False Representations**

Code §523(a)(2)(A) excepts from discharge any debt for money, property, services or credit obtained by a debtor's "false pretenses, false representation, or actual fraud," *In re Jacks*, 266 B.R. 728, 733 (BAP 9th Cir. 2001).  To prevail on a theory of false representation, Kenmark must establish, by a preponderance of the evidence: (1) a misrepresentation, fraudulent omission or deceptive conduct by Thomas; (2) knowledge by Thomas of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by Kenmark on Thomas's statement or conduct; and (5) damage to Kenmark proximately caused by its reliance on Thomas's statement or conduct. *Turtle Rock Homeowners Association v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir.2000), cited in *In re Cabansay*, 2008 WL 3245459, 2 (Bkrtcy.N.D.Cal. 2008).

Plaintiff Kenmark Ventures, LLC's Trial Statement

A debtor's knowledge and intent to deceive may be inferred from the totality of the circumstances. *Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 167-68 (BAP 9th Cir. 1999). When determining the knowledge element, "[a] representation may be fraudulent, without knowledge of its falsity, if a person making it is conscious that he has merely a belief in its existence and recognizes that there is a chance, more or less great, that the fact may not be as it is represented." *Gertsch*, 237 B.R. at 168 (internal quotation omitted); see also *Houtman v. Mann (In re Houtman)*, 568 F.2d 651, 656 (9th Cir. 1978) ("Reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct is sufficient to establish the knowledge element.").

The court may find intent to deceive "where there has been a pattern of falsity or from a debtor's reckless indifference to or disregard of the truth." *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 174-75 (BAP 9th Cir. 2007). Whether reliance is justified depends upon the "qualities and characteristics of a particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." *Field v. Mans*, 516 U.S. 59, 71, 116 S. Ct. 437 (1995). One who receives a fraudulent representation of a fact 'is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he made an investigation.'" *Eugene Parks Law Corp. Defined Pension Benefit Plan v. Kirsh (In re Kirsh)*, 973 F.2d 1454, 1458 (9th Cir. 1992).

Kenmark will prove each of the foregoing elements by a preponderance of the evidence, including Thomas's intent to deceive from the inception of the transaction. See *New Falls Corp. v. Boyajian (In re Boyajian)*, 367 B.R. 138, 147 (BAP 9th Cir. 2007). Kenmark justifiably relied on Thomas's false statements and as a result lost a substantial amount of money.

- **Concealment of Material Facts**

A Code §523(a)(2)(A) claim may also arise from the concealment or intentional non-disclosure of material facts. *Loomas v. Evans (In re Evans)*, 181 B.R. 508, 515 n.6 (Bankr. S.D.Cal. 1995). It is well-established that nondisclosure of a material fact constitutes a fraudulent representation under Code §523(a)(2)(A) where the debtor has a duty to disclose. See *Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1323-24 (9th Cir. 1996). In a business transaction such as the one

Plaintiff Kenmark Ventures, LLC's Trial Statement

between Kenmark and Thomas, the parties owe each other a duty to disclose. *Id*. at 1324. *Hillsman v. Escoto (In re Escoto)*, 2014 Bankr. LEXIS 5328 (Bankr. D. Nev. 2014)

As in the case of a false representation, a debtor's knowledge and intent to deceive may be inferred by circumstantial evidence and from the debtor's conduct. *Edelson v. Comm'r of Internal Revenue*, 829 F.2d 828, 832 (9th Cir. 1987); *Donaldson v. Hayes (In re Hayes)*, 315 B.R. 579, 587 (Bankr. C.D.Cal. 2004).

Kenmark will also establish, by a preponderance of the evidence, that Thomas had a duty to disclose several material facts, and deliberately chose not to, because he knew Kenmark would never have anted up the $6,110,000.00 had it known the truth about EP and the value of the Thomas Emerald.

Dated: September 22, 2015

/s/ Wayne A. Silver
Wayne A. Silver, attorney for Plaintiff
KENMARK VENTURES, LLC

Page 8

Plaintiff Kenmark Ventures, LLC's Trial Statement

WAYNE A. SILVER, Esq. (CA 108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94087
Email: w_silver@sbcglobal.net
Tel. (408) 720-7007
Fax. (408) 720-7001
(*Admitted Pro Hac Vice*)

LAW OFFICES OF AMY N. TIRRE
Amy N. Tirre, Esq. (NV 6523)
3715 Lakeside Dr., Suite "A"
Reno, NV 89509
Email: amy@amytirrelaw.com
Tel. (775) 828-0909
Fax. (775) 828-0914

Attorneys for Plaintiff,
KENMARK VENTURES, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>AT EMERALD, LLC,<br><br>       Debtors. | Case No. BK-N-14-50333-BTB<br>Case No. BK-N-14-50331-BTB<br><br>Chapter 7<br><br>[Jointly Administered] |
| KENMARK VENTURES, LLC<br><br>       Plaintiff,<br>  v.<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>       Defendants. | Adv. Pro. No. 14-5022<br><br>**PLAINTIFF'S PRE-TRIAL DISCLOSURES**<br><br>**[Fed.R.Bankr.Pro. 7026(A)(3)]** |

Reserving all rights and remedies, KENMARK VENTURES, LLC ("Kenmark") makes the following pre-trial disclosures pursuant to Fed.R.Bankr.Pro.7026(a)(3):

### I.    Potential Witnesses

Kenmark expects to call the following witnesses to support its claims, except for impeachment witnesses:

Plaintiff's Pre-Trial Disclosures

| Name | Address | Summary |
|------|---------|---------|
| Ken Tersini | Address c/o Kenmark's undersigned attorney. | Ken Tersini will testify to the fraud perpetrated by defendant Thomas, the false statements made by Mr. Thomas, and the damages that were incurred as a result as alleged in the Adversary Complaint. Mr. Tersini will also testify about the settlement of the civil trial in Santa Clara Superior Court case No. 108CV130667. |
| Mark Tersini | Address c/o Kenmark's undersigned attorney. | Mr. Tersini will testify to the fraud perpetrated by defendant Thomas, the false statements made by Mr. Thomas, and the damages that were incurred as alleged in the Adversary Complaint. Mr. Tersini will also testify about the settlement of the civil trial in Santa Clara Superior Court case No. 108CV130667. |
| Anthony George Thomas | Known to defendant. | May be called as an adverse witness regarding the matters alleged in the Adversary Complaint and settlement of the civil trial in Santa Clara Superior Court case No. 108CV130667. |

Kenmark may call the following witnesses to support its claims if the need arises, except for impeachment witnesses:

| Name | Last Known Address | Summary |
|------|--------------------|---------|
| Harriet Davidson | 2135 Ascot Drive, Number 18, Moraga, CA 94556 | Worked at Electronic Plastics and familiar with loan from Kenmark. |
| Kenneth Conetto | San Jose, CA | Has information regarding Thomas Emerald. |
| Shawn Milligan | 2240 Glenkirk Court San Jose, CA. 95124 | Worked for Kenmark and familiar with issues concerning the Thomas Emerald. |

Plaintiff's Pre-Trial Disclosures

| Name | Last Known Address | Summary |
|------|--------------------|---------|
| Jeffrey Hartlin | Attorney at Paul Hastings. | Attorney that represented Electronic Plastics. Familiar with Joe Kafka, Mr. Thomas and Michael Gardner. May have information regarding loan from Kenmark and representations made by Mr. Thomas. |
| Lori Puccinelli Stern | 33934 California Street San Francisco, CA. 94118

Glodow Nead Communications 1700 Montgomery Street Suite 203, San Francisco, 94111 | May have information regarding the Thomas Emerald and discussions with Mr. Thomas. |

## II.   Presentation of Witnesses by Deposition Transcripts

Kenmark does not expect to present the direct testimony of any witnesses through deposition transcripts.

## III.   Trial Exhibits

Kenmark expects to offer the following documents to support its claims, either through judicial notice or a sponsoring witness, except for impeachment documents:

1.   Judgment to be entered in Santa Clara Superior Court case No. 108CV130667.

2.   Documents highlighted in yellow in the attached table, referred to by their Exhibit Nos. in Santa Clara Superior Court case No. 108CV130667. Documents that are not highlighted in yellow may be offered by Kenmark to support its claims, except for impeachment documents.

3.   Kenmark may also offer the following documents to support its claims, except for impeachment documents:

(a)   Documents produced by Defendant Thomas in response to First Request for Production of Documents, including but not limited to:

| Bates Number | Description |
|--------------|-------------|
| AT0001- AT0016, AT0052 – AT0083 | Emails between Thomas and Koyo Trading (Dr. Naverette) during April and May, 2015 |

Plaintiff's Pre-Trial Disclosures

| Bates Number | Description |
|---|---|
| AT0093 – AT0144 | Emails between Thomas and Koyo Trading (Dr. Naverette and Clarke) during February and March, 2015 |
| AT0269 – AT0284 | Emerald Purchase Agreement |
| AT0222 | Letter of Intent – Blue Minerals |
| AT1264 | Memo from Thomas to Ruy Saraiva |
| AT1521 – 1530 | East Heritage Holding Agreement and Memorandum of Understanding |
| AT1326 – 1348 | Distribution Agreement between Electronic Plastics and Al Madina Development and Supply |
| AT0915-AT0934 | Memorandum and Order Re: Civil Contempt – E-Smart v. Wayne Drizin, et al., Case No. 3:06-5528 – USDC Northern California |
| AT0551 | Addendum to Asset Purchase Agreement – New Line |
| AT0527 – AT0529 | Asset Purchase Agreement – New Line |
| AT0269 – AT0283 | Purchase Agreement – Venado Resources, LLC and Thomas |

(b)    All documents attached as Exhibits to the Adversary Complaint in the above-captioned Adversary Proceeding.

Dated: September 16, 2015

/s/ Wayne A. Silver
Wayne A. Silver, attorney for Plaintiff
KENMARK VENTURES, LLC

Page 4

Plaintiff's Pre-Trial Disclosures

| Exhibit | Date | Description | Bates |
|---|---|---|---|
| 0001 | 06/26/07 | Memorandum re: e-Smart litigation and letter to Whom it May Concern from Glen T. Jonas | 2 pages |
| 0002 | 02/17/04 | History of the Thomas Emerald | K0160 - K0161 |
| 0003 | 12/03/06 | Harrison Steele Parners PP Appraisal | K0123 - K0124 |
| 0004 | 02/22/07 | jnh World Forensics, LLC Appraisal | K0146 - K0152 |
| 0005 | 03/23/07 | Ringsrud Gemology Emerald Report | K0158 - K0159 |
| 0006 | 09/23/09 | Ringsrud Gemology Emerald Report | ATE0033 - ATE0036 |
| 0007 | 11/04/09 | Letter to Whom it May Concern from Lori Puccinelli with attachment | ATE0019 |
| 0008 | 11/05/01 | Appraisal by Dimitri Paraskevopulos | K0154 - K0155 |
| 0009 | 02/xx/07 | Electronic Plasics, LLC Business Plan | K0391 - K0410 |
| 0010 | 07/12/07 | E-mail chain re: Honeywell Meeting | K0666 - K0668 |
| 0011 | 06/28/07 | E-mail to Ken Tersini from Tony Thomas re: Emerald Particulars | K0594 |
| 0012 | 07/18/07 | Secured Demand Note | K0682 - K0683 |
| 0013 | 07/06/07 | E-mail chain re: Yubecom/Norfied | K0595 - K0596 |
| 0014 | 06/19/07 | E-mail to Ken Tersini from Tony Thomas re: Guaratee from StarVan Korea | K0622 |
| 0015 | 04/22/09 | Electronics Plastics (Tony Thomas) Funding History as of 4/22/09 | K0545 - K0563 |
| 0016 | 10/25/07 | Secured Demand Note | K0684 - K0685 |
| 0017 | 10/25/07 | Security Agreement | K0688 - K0691 |
| 0018 | 10/25/07 | KT-EPC Interim Funding Agreement | K0686 - K0687; K0677; K0592 |
| 0019 | 05/29/08 | Letter to Tony Thomas and Michael Gardiner from Peter Klin | ATE0015 - ATE0016 |
| 0020 | | Letter to Ken from Tony | K0692 |
| 0021 | 07/10/08 | Written Consent of the Sole Member of AT Emerald, LLC | ATE0111 - ATE0112 |
| 0022 | | Asset Purchase Agreement from New Line | ATE0127 - ATE0137 |
| 0023 | 06/08/08 | Shareholders Agreement by and between EP International LLC and New Line Trading an Al Serkal Group Company | K0240 - K0252 |
| 0024 | | Investment Suisse Irrevocable Letter of Offer | ATE0140 - ATE0149 |
| 0025 | | Letter of Intent between Al Serkal Group and Idsmart | |
| 0026 | | Joint Venture Agreement between AT Emeral, LLC and Shire International, Ltd | ATE0051 - ATE0059 |
| 0027 | | Order to Cease and Desist | ATE0049 - ATE0050 |
| 0028 | | Distribution Atreement between Electronic Plastics, LLC a Delaware LLC and Al Madina Development & Supply LLC | K0643 - K0665 |
| 0029 | | E-mail to Michael Gardiner and Thomas Thomas from Don Fulghum, Subject: UAE Trip Summary and attachment | K0605 - K0612 |
| 0030 | 01/13/10 | Letter to Joseph Scanlan from Joseph Kalka, with attachments | |
| 0031 | 03/26/09 | Letter to Michael Gardiner from Anthony Thomas re: Electronic Plastics, LLC | ATE0024 |
| 0032 | 11/06/08 | Letter to Peter Kline from Joseph Kalka | ATE0008 |
| 0033 | | E-mail chain, subject:  Honeywell Call Update | K0598 - K0599 |
| 0034 | | E-mail to Jeffrey Hartlin from Peter Kline, re: Business Funding Agreement, with attachment | ATE0174 - ATE0186 |
| 0035 | 04/20/10 | Deposition Subpoena for Personal Appearance and Production of Documents and Things | |

| Exhibit | Date | Description | Bates | |
|---|---|---|---|---|
| 0036 | 06/01/10 | Proof of Personal Service and Notice of Taking Deposition | 8 pages | |
| 0037 | 06/10/10 | E-mail chain between Joseph Scanlan and Ron Ringsrud | 1 page | |
| 0038 | 07/15/10 | Plaintiff's Notice of Taking Deposition of Harriett L. Davidson with Production of Documents and Things | 10 pages | |
| 0039 | | Reimbursed Expenses | 1 page | |
| 0040 | | Top Twenty Vendors ID Smart LLC | 1 page | |
| 0041 | | List of Top Twenty Creditors | 1 page | |
| 0042 | | List of Creditors Sub C | 7 pages | |
| 0043 | | List of Creditors ID Sub A | 3 pages | |
| 0044 | | Inventory ID | 1 page | |
| 0045 | | Max Payments to EP LLC | 1 page | |
| 0046 | | Income Statement DP 07 | 1 page | |
| 0047 | | Advances to Owners Sub E Corrected | 1 page | |
| 0048 | | Account Name: Property Plants & Equipments | 5 pages | |
| 0049 | | Transfer from Proof | 2 pages | |
| 0050 | | Per Payroll Amounts | 1 page | |
| 0051 | | Balance Sheet ID 08 | 1 page | |
| 0052 | 12/31/08 | Electronic Plastics LLC Balance Sheet | 2 pages | |
| 0053 | | IS Smart Income Statement | 1 page | |
| 0054 | 08/09/10 | Letter to Joseph A. Scanlan, jr. from Raul A. Mayorga with attachments | | |
| 0055 | | Assets ID Sub B | 1 page | |
| 0056 | | Per Payroll Amounts | 1 page | |
| 0057 | | Copy of Proof of Deposits | 1 page | |
| 0058 | | Electronic Plastics LLC, LLC Agreement Summary of Material Terms and Issues List | K0097 - K0099 | |
| 0059 | 08/23/07 | E-mail from Hartlin to Kline re: Business Funding Agreement | K0125 - K0144 | |
| 0060 | | Limited Liability Company Agreement for Electronic Plastics, LLC | K0336 - K0389 | |
| 0061 | 04/12/08 | E-mail from Hartlin to Joeperske@aol.com re: Electronic Plastics LLC Agreement | K0438 - K0489 | |
| 0062 | 08/12/10 | Notice of Taking Deposition (of AT Emeralds PMK) | | |
| 0063 | 01/23/09 | Declaration of Anthony Thomas (in Opposition to Release of Property) | | |
| 0064 | 07/10/08 | Written Consent of the Sole Member of AT Emerald, LLC | ATE0111 - ATE0112 | dup |
| 0065 | 09/02/08 | Order to Cease and Desist | ATE0049 - ATE0050 | dup |
| 0066 | 05/23/08 | Rental Agreement for Sarasota Vault Depository | ATE0039 | dup |
| 0067 | 10/25/07 | Security Agreement | K0688 - K0691 | dup |
| 0068 | | | | |
| 0069 | | | | |
| 0070 | 04/22/09 | Electronic Plastics Funding History | K0545 | |
| 0071 | various | Wire transfer requests | K0547 - K0563 | |
| 0072 | 06/24/07 | E-mail from Carl McNeice to Ken Tersini | K0623 | |
| 0073 | 06/27/07 | E-mail from Tony Thomas to Ken Tersini with attachment | K0430 - K0431 | |
| 0074 | 07/18/07 | Secured Demand Note between Electronic Plastics, LLC, Tony Thomas and Kenneth Tersini | K0682 - K0683 | |

| Exhibit | Date | Description | Bates | |
|---|---|---|---|---|
| 0075 | 08/xx/07 | Business Funding Agreement between Kenmark Ventures and Electronic Plastics, LLP and Tony Thomas | K0411 - K0421 | |
| 0076 | 09/xx/07 | Electronic Plastics LLC Corporate Overview, Draft | K0090 - K0091 | |
| 0077 | 09/15/07 | E-mail from Tony Thomas to Ken Tersini with forwarded message and attachment | K0267 - K0286 | |
| 0078 | 09/17/07 | IDSmart Meeting Notes | | |
| 0079 | 08/24/07 | E-mail from Peter Kline to Jeffrey Hartlin, with previous messages | ATE0172 - ATE0173 | |
| 0080 | 01/05/08 | E-mail from Peter Kline to Jeffrey Hartlin | ATE0257 - ATE0258 | |
| 0081 | 09/11/07 | E-mail from Peter Kline to Vandoren and Tony Thomas with attachments | ATE0188 - ATE0205 | |
| 0082 | 07/18/07 | Secured Demand Note between Electronic Plastics, LLC, Tony Thomas and Kenneth Tersini | K0682 - K0683 | dup |
| 0083 | 11/04/07 10/25/07 | Secured Demand Note between Electronic Plastics, LLC, Tony Thomas and Kenmark Ventures, LLC, with handwritten interlineations | K0684 - K0685 | |
| 0084 | 08/xx/07 10/25/07 | Security Agreement between Tony Thomas and Kenmark Ventures, LLC, with handwritten interlineations | K0688 - K0691 | |
| 0085 | 10/25/07 | KT-EPC Interim Funding Agreements | K0686; K0677; K0592 | |
| 0086 | 05/29/08 | Letter from Peter Kline to Tony Thomas and Michael Gardiner | ATE0015 - ATE0016 | |
| 0087 | 06/04/08 | Letter from Peter Kline to Tony Thomas and Michael Gardiner | K0620 | |
| 0088 | 10/31/08 | Letter from Peter Kline to Tony Thomas | | |
| 0089 | 11/06/08 | Letter from Joseph Kafka to Peter Kline | ATE0008 | dup |
| 0090 | | Electronic Plastic, LLC Agreement Summary of Material Terms and Issues List | K0097 - K0099 | |
| 0091 | 01/11/08 | E-mail from Jeffrey Hartlin to Peter Kline, with attachments: Limited Liability Company Agreement for Electronic Plastics, LLC, a Delaware Limited Liability Company | ATE0261 - ATE0367 | |
| 0092 - 0149 INTENTIONALLY SKIPPED | | | | |
| 0150 | | Handwritten Notes | 5 pages | |
| 0151 | | Declaration of Michael Gardiner in Support of Defendants' Memorandum in Opposition to Plaintiffs' Motion for a Temporary Restraining Order | 38 pages | |
| 0152 | | Ken Distribution Jan - Aug 1.3 mil | 4 pages | |
| 0153 | | Accounting Document, September to December '07 | 2 pages | |
| 0154 | | Accounting Document | 4 pages | |
| 0155 | | Accounting Document | 4 pages | |
| 0156 | | Assets | 4 pages | |
| 0157 | | Assets | 1 page | |
| 0158 | | Salary Breakdown | 3 pages | |
| 0159 | | Distribution of Funds May '06 - September '07 | 6 pages | |
| 0160 | | Checks written against 300k received Sept. | 1 page | |
| 0161 | | Accounting Document | 2 pages | |
| 0162 | | Accounting Document | 4 pages | |
| 0163 | | Cash Flow Statement | 1 page | |
| 0164 | | Accounting Document | 2 pages | |

| Exhibit | Date | Description | Bates | |
|---------|------|-------------|-------|---|
| 0165 | | Accounting Document | 2 pages | |
| 0166 | | Accounting Document | 6 pages | |
| 0167 | | Liabilities | 1 page | |
| 0168 | 05/15/07 | Letter to Whom it May Concern from Anthony G. Thomas | 2 pages | |
| 0169 | 05/16/06 | Investment Agreement | 2 pages | |
| 0170 | 06/10/07 | Agreement between Michael Gardiner and Anthony Thomas | 1 page | |
| 0171 | | IDSmart, The Sensor Card | K0100 - K0102 | |
| 0172 | 06/28/07 | E-mail re: Emerald Particulars | 1 page | |
| 0173 | 04/23/08 | E-mail re: Items for Discussion | 1 page | |
| 0174 | 04/23/08 | E-mail re: Issues and Action Plan from Tuesday Call | 1 page | |
| 0175 | 10/23/08 | E-mail re: Funding | 2 pages | |
| 0176 | | AT Emeral, LLC Commission Agreement | 2 pages | |
| 0177 | | Contract of Establishment of a Joint Participation Company with a Capital of AED 2.00 | | |
| 0178 | | Color Photographs and other documents re: Emerald | | |
| 0179 - 0200 INTENTIONALLY SKIPPED | | | | |
| M0001 | 06/28/07 | Safe Deposit Box Lease Agreement | ATE0020 - ATE0023 | |
| M0002 | 05/23/08 | Rental Agreement for Sarasota Vault Depository | ATE0039 | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I served the foregoing PLAINTIFF'S PRE-TRIAL DISCLOSURES; CERTIFICATE OF SERVICE by the following means on September 16, 2015 to the persons listed below:

  XX   Regular mail: I caused service of this document to be made on September 16, 2015 by regular, first class United States mail, postage fully pre-paid, addressed to:

Anthony Thomas
Wendi Thomas
7725 Peavine Peak Court
Reno, NV 89523

I declare under penalty of perjury that the foregoing is true and correct. Signed this 16th day of September, 2015 at Sunnyvale, CA.

/s/ Kevin J. LeBlanc
Kevin J. LeBlanc

Certificate of Service

WAYNE A. SILVER, Esq. (CA 108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94087
Email: w_silver@sbcglobal.net
Tel. (408) 720-7007
Fax. (408) 720-7001
(*Admitted Pro Hac Vice*)

LAW OFFICES OF AMY N. TIRRE
Amy N. Tirre, Esq. (NV 6523)
3715 Lakeside Dr., Suite "A"
Reno, NV 89509
Email: amy@amytirrelaw.com
Tel. (775) 828-0909
Fax. (775) 828-0914

Attorneys for Plaintiff,
KENMARK VENTURES, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>AT EMERALD, LLC,<br><br>       Debtors. | Case No. BK-N-14-50333-BTB<br>Case No. BK-N-14-50331-BTB<br><br>Chapter 7<br><br>[Jointly Administered] |
| KENMARK VENTURES, LLC<br><br>       Plaintiff,<br>   v.<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>       Defendants. | Adv. Pro. No. 14-5022<br><br>**PLAINTIFF'S FIRST SUPPLEMENT TO PRE-TRIAL DISCLOSURES**<br><br>**[Fed.R.Bankr.Pro. 7026(A)(3)]** |

Reserving all rights and remedies, KENMARK VENTURES, LLC ("Kenmark") makes the following first supplement to pre-trial disclosures pursuant to Fed.R.Bankr.Pro.7026(a)(3):

**III.**    **Additional Trial Exhibits**

Kenmark expects to offer the following additional documents to support its claims, either through judicial notice or a sponsoring witness, except for impeachment documents:

Page 1

Plaintiff's First Supplement To Pre-Trial Disclosures

### 1.    Request for Judicial Notice

Kenmark will ask the bankruptcy court to take judicial notice of the following:

| |
|---|
| Documents filed in the Chapter 7 bankruptcy case of Electronic Plastics, LLC, Case No. 09-53721, including but not limited to the bankruptcy schedules and statements, Proofs of Claim and the Claims Register, and pleadings regarding the sale of certain property. |
| Documents filed in Los Angeles Superior Court Case No. BS118649 styled *Kenneth Conetto by Eric Kitchen v. Kit Morrison and Todd Armstrong*, including but not limited to the Tentative and Proposed Statement of Decision filed on April 8, 2011. |
| Documents filed in civil action No. 06-5528 in the U.S. District Court for the Northern District of California styled *E-Smart Technologies, Inc. et al. v. Drizin, et al.*, including but not limited to the First Amended Complaint. |
| Documents filed in civil action No. 11-00895 in the U.S. District Court for the District of Columbia styled *U.S. Securities and Exchange Comm v. E-Smart Technologies, et al.*, including but not limited to the Complaint and Court decisions in various motions for summary judgment. |
| The Complaint and Answer in the above-captioned Adversary Proceeding No. 14-5022. |
| Documents filed in the above-captioned bankruptcy cases of ANTHONY THOMAS and WENDI THOMAS, and AT EMERALD, LLC, Case Nos. BK-N-14-50333-BTB and BK-N-14-50331-BTB, respectively, including but not limited to Kenmark's Motion for Relief from Stay. |
| Documents from the California Secretary of State regarding Electronic Plastics, Inc. |
| Documents from the Nevada Secretary of State regarding Electronic Plastics, Inc. |

Additional documents to be offered:

| |
|---|
| Discovery requests in the above-captioned Adversary Proceeding No. 14-5022, including but not limited to Kenmark's Request for Production of Documents and Requests for Admission, and Thomas's objections and responses thereto. |

Dated: September 22, 2015

/s/ Wayne A. Silver
Wayne A. Silver, attorney for Plaintiff
KENMARK VENTURES, LLC

Plaintiff's First Supplement To Pre-Trial Disclosures

**CERTIFICATE OF SERVICE**

I served the foregoing PLAINTIFF'S FIRST SUPPLEMENT TO PRE-TRIAL DISCLOSURES; CERTIFICATE OF SERVICE by the following means on September 22, 2015 to the persons listed below:

 XX   Regular mail: I caused service of this document to be made on September 22, 2015 by regular, first class United States mail, postage fully pre-paid, addressed to:

Anthony Thomas
Wendi Thomas
7725 Peavine Peak Court
 Reno, NV 89523

I declare under penalty of perjury that the foregoing is true and correct. Signed this 22nd day of September, 2015 at Sunnyvale, CA.

/s/ Kevin J. LeBlanc
Kevin J. LeBlanc

Certificate of Service

**CERTIFICATE OF SERVICE**

I served the foregoing PLAINTIFF KENMARK VENTURES, LLC'S TRIAL

STATEMENT; CERTIFICATE OF SERVICE by the following means on September 22, 2015 to the

persons listed below:

 __XX__    Regular mail: I caused service of this document to be made on September 22, 2015

by regular, first class United States mail, postage fully pre-paid, addressed to:

Anthony Thomas
Wendi Thomas
7725 Peavine Peak Court
 Reno, NV 89523

I declare under penalty of perjury that the foregoing is true and correct. Signed this 22 day of

September, 2015 at Sunnyvale, CA.

/s/ Kevin J. LeBlanc
Kevin J. LeBlanc

Certificate of Service