Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
Jeffrey A. Cogan, Esq., Ltd.
6900 Westcliff Drive, Suite 602
Las Vegas, Nevada 89145
Telephone (702) 474-4220
Facsimile (702) 474-4228
Email: jeffrey@jeffreycogan.com

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | BK-N-14-50333-BTB |
| | ) | BK-N-14-50332-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | ) ) | Chapter 7 |
| | ) | |
| Chapter 7 Debtors. | ) ) | Date of Hearing: November 9 and 10, 2015 Time of Hearing: |
| | ) | |
| KENMARK VENTURES, LLC, | ) ) | Adversary Case No. 14-05022-BTB |
| Plaintiff, | ) | **DEFENDANTS ANTHONY THOMAS'** |
| vs. | ) ) | **AND WENDI THOMAS' PRE-TRIAL STATEMENT** |
| ANTHONY THOMAS and WENDI THOMAS, | ) ) ) | |
| Defendants. | ) ) | |

COMES NOW, Defendants, Anthony Thomas and Wendi Thomas, and and hereby files this Pre-Trial Memorandum.

**I.  RULE 7026 DISCLOSURES**

**A.  Witnesses:**

1. Anthony Thomas, Defendant;

2. Ken Tersini, Person Most Knowledgeable Plaintiff;

3. Mark Tersini, Member of Plaintiff;

4. Harriet Davidson, former bookkeeper of Electronic Plastics, LLC;

5. Max Van Ordern, member/investor of Electronic Plastics, LLC and present at discussions between Anthony Thomas and Ken Tersini;

6. Wendi Thomas.

**B. Deposition Testimony:**

1. Deposition Transcript of Jeffrey Hartlin, Esq., August 20, 2010, attorney for Electronic Plastics, LLC relating to the documents that he prepared relating to the investment by Ken Tersini in Electronic Plastics, LLC (*Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677);

2. Deposition Transcript of Peter Kline, Esq., dated January 12, 2011, attorney for Ken Tersini and Kenmark Ventures, LLC relating to conversations with Mr. Hartlin and changes made to the documents that Mr. Hartlin prepared relating to the investment (*Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677);

3. Deposition of Harriet Davidson, dated August 19, 2010 in the event that she does not appear in that she lives beyond 100 miles from the Court and therefore, under Fed. R. Civ. P. 45, cannot be compelled to appear at trial (*Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677);

4. Deposition Transcript of Kenneth Silvery Tersini, Volume 1, dated January 7, 2011, *Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677;

5. Deposition of Shawn Milligan, dated January 29, 2010, *Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677.

**C. Exhibits:**

1. Debtors/Defendants' Exhibits

   (i) Expected to offer:

   1. Original KT Properties letter dated September 17, 2007, unsigned;

   2. Complaint for Replevin signed, in the Circuit Court for the Twelfth Judicial District in and for Sarasota County, Florida, *Kenmark Ventures, LLC v. Sarasota Vault Depository, Inc.*

   3. Consented Order Permitting Appraisal and Access, Case No. 2008-CA-20557-NC, Circuit Court for the Twelfth Judicial District in and for Sarasota County, Florida, *Kenmark Ventures, LLC v. Sarasota Vault Depository, Inc.*;

   4. Tax Return for Electronic Plastics, LLC, Chapter 7 Debtor (Kenmark on K1 shown as owner).

   5. Complaint for Damages and to Determine Dischargeability of Debt [11 U.S.C. § 523(A)[sic](2), filed on May 31, 2014, Case No. 14-05022-btb,( Dkt. 1);

   6. Cupertino National Bank Outgoing Domestic Funds Transfer Request, July 19, 2007;

   7. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 8/3/07;

   8. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 08/29/07;

9. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 09/05/07;

10. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 10/01/07;

11. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 10/05/07;

12. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 10/26/07;

13. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 11/14/07;

14. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 12/20/07;

15. Cupertino National Bank Outgoing Domestic Funds Transfer Request, 1/10/08;

16. Wells Fargo Statement, page 2 of 3, Account No. xxx-xxx6300, March 15 through March 31, 2008;

17. Wells Fargo Wire Transfer Services Outgoing Wire Transfer Request, 4/3/08;

18. Mark E. Tersini, Wells Fargo Bank Account Checking, xxxx2882, Check No. 2093, dated May 13, 2008, payable to Electronics Plastics, LLC for $110,000.00;

19. Santa Clara National Bank, 02/29/08, Outgoing Wire Receipt for $200,000 on Kenmark Ventures, Inc.;

20.     Order Re Contempt and Sanctions, *E-Smart Technologies, Inc. and IVI Smart Technologies, Inc. v. Wayne Drizin, Michael Gardiner, Electronic Plastics Corporation and A Card Company*, Case No. 3:06-05528-MHP, filed May 24, 2011, Dkt. 381;

21.     Descriptive Report and Estimated Appraised Value, jnh World Forensics, LLC, Dated February 22, 2007;

22.     Certificada, Demitri Parakevopulos, dated November 5, 2001;

23.     Business Funding Agreement (K0126 to K0135);

24.     Business Funding Agreement, Redline Version (K0136 to K0144);

25.     Limited Liability Company Agreement for Electronic Plastics, LLC, Redline Version (K0336 to K0389);

26.     Electronic Plastics, LLC, Business Plan (K0391 to K0410);

27.     Email from Ken Tersini to Tony Thomas, dated July 22, 2008, Subject: Re Electronic Plastics Update

28.     Electronic Plastics, LLC, Articles of Organization filed with the Nevada Secretary of State; August 8, 2006;

29.     Delaware Certificate of Conversion of Nevada Limited Liability Company "Electronic Plastics, LLC" to a Delaware Limited Liability Company, filed on October 18, 2007;

30.     Delaware Certificate of Formation "Electronic Plastics, LLC" filed on October 18, 2007;

31.     Handwriting exemplar in the form of Nevada Driver's License of Anthony Thomas;

32. Motion for Order Authorizing Trustee to Sell Personal Property, *In re Electronic Plastics, LLC,* U.S.B.C. Northern District of California, Case No. 09-53721, February 3, 2010 (Dkt. 28);

33. Order Authorizing Trustee to Sell Personal Property, *In re Electronic Plastics, LLC,* U.S.B.C. Northern District of California, Case No. 09-53721, February 4, 2010 (Dkt. 30);

34. Deposition of Kenneth Silvery Tersini, Volume 1, dated January 7, 2011, *Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner,* Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677;

35. Deposition of Jeffrey Hartlin, attorney for Electronic Plastics, LLC dated August 20, 2010, *Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677;

36. Deposition of Harriett Davidson, dated August 19, 2010, *Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677;

37. Deposition of Shawn Milligan, dated January 29, 2010, *Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677.

38. Deposition of Peter Kline, Esq., Transactional Attorney for Kenmark Ventures, LLC and Ken Tersini, taken on January 12, 2011 in *Kenmark Ventures, LLC v. Tony Thomas, Electronic Plastics, LLC and Michael Gardiner*, Superior Court of California, County of Santa Clara, Case No. 1-08-CV-130677, including Exhibits.

39.     Scheduling Order re: Pre-Trial & Trial, Case No. 14-05022-btb,( Dkt. 27);

40.     Docket of Case No. 14-05022-btb;

41.     Any exhibits offered by Plaintiff.

## II.  STATEMENT OF NATURE OF THE ACTION

This proceeding is an objecting to Debtors' Discharge of Debt under 11 U.S.C. § 523(a)(2).

## III.  STATEMENT OF TYPE OF PROCEEDING

1.     This matter is a core proceeding under 28 U.S.C. 157(b)(2)(J) as an objection to the Discharge of Debt of Plaintiffs.

## IV.  STIPULATED FACTS

1.     Debtors are willing to stipulate to the following facts:  None.

## V.  CONTESTED ISSUES OF LAW WITH CONCISE AUTHORITY

The Complaint seeks a nondischargeability of a debt of Electronic Plastics, LLC under 11 U.S.C. § 523(a)(2).  There were a series of wire transfers from Plaintiff to Electronic Plastics, LLC in exchange for twelve percent (12%) of the company.  Electronic Plastics, LLC was creating a credit card size smart card that could be encrypted with a person's medical records, an identification card in security sensitive business, among its uses.  Electronic Plastics, LLC was seeking investors to finalize the manufacturing process and establish the marketing of the card.

The dispute stems from Plaintiff contending that the $6,110,000 transferred to Electronic Plastics, LLC was a loan and in lieu of the payment of interest, Kenmark would also receive a twelve percent (12%) ownership of Electronic Plastics, LLC.  As what happens all to

often with new business in the technology field, the business went into bankruptcy and Electronic Plastics, LLC filed its Petition for Relief in the Northern District of California.

1. **Burden on Plaintiff Generally.**

A claim for denial of a discharge under § 523 is construed liberally in favor of the discharge and strictly against a person objecting to the discharge. *Inst. of Imaginal Studies v. Christoff (In re Christoff)*, 527 B.R. 624, 629 (9th Cir. BAP 2015). A creditor objecting to the dischargeability of its claim bears the burden of proving, by a preponderance of the evidence, that the particular debt falls within one of the exceptions to discharge enumerated in section 523(a). *Grogan v. Garner*, 498 U.S. 279, 286-91 (1991). 11 U.S.C. § 523 is strictly construed against creditors and against creditors. *See Waugh Real Estate Holdings, LLC v. Daecharkhom, (In re Daecharkhom)*, 481 B.R. 641,647 (Bankr. Nev. 2012).

2. **Standard for Non-Dischargeability of Fraud.**

To prevail on a claim under § 523(a)(2)(A), a creditor must establish the existence of five distinct elements: (1) the debtor made representations; (2) debtor knew the representations were false at the time he made them; (3) debtor made the representations with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *Ghomesh v. Sabban (In re Sabban)*, 600 F.3d 1219, 1221 (9th Cir. 2010). In order to find liability for fraud based upon omission or silence, there must also be a duty to disclose. *See Citibank (South Dakota), N.A. v. Eashai (In re Eashai),* 87 F.3d 1082, 1088-89 (9th Cir. 1996).

**A. Wendi Thomas must be granted a discharge under 11 U.S.C. § 523(a)(2).**

The Complaint states, "WENDI THOMAS" is sued solely to the extent of her community property interests and to the extent Plaintiff is determined to be a holder of a "community claim" as defined by 11 U.S.C. § 101(7)." Complaint for Damages and to Determine Dischargeability of Debt, page 2, lines 20-22, ¶ 7. The Complaint makes no allegations as to Mrs. Thomas other than at Paragraph 7 relating to her community property interest cannot be a basis to deny her a discharge under § 523(a)(2) and the Court should find for Wendi Thomas.

### B.  Oral Statements Cannot Form the Basis for Fraud under § 523(a)(2).

The Complaint states that ANTHONY THOMAS orally represented to Plaintiff . . . that the Emerald described in ¶ 14 was worth in excess of Five Hundred Million Dollars. *See id.*, page 8, lines 10-13. The representation was made to induce Plaintiff to make loans and Plaintiff did in fact make the loans. *See id.*, page 13-15. Former Judge Markell, sitting on the Bankruptcy Appellate Panel wrote:

> But not all fraud leads to nondischargeability.  Congress expressly excluded oral "statement[s] respecting the debtor's or an insider's financial condition' from § 523(a)(2)(A)'s coverage.  In short, oral misrepresentations regarding financial condition are dischargeable.

*Barnes v. Belice (In re Belice)*, 461 B.R. 564, 573 (9th B.A.P., 2011). While the *Belice* Court adopted a narrow view of statements regarding financial condition, the Ninth Circuit Bankruptcy Appellate Panel expanded the view in an unpublished decision.  "In our view, even assuming this concealment constituted a "representation" for purposes of § 523(a)(2)(A), it was a non-written representation about BCS's financial condition and, therefore, would not support an exception to discharge under § 523(a)(2)(A)." *See In re Urban*, 2014 WL 1492717, at *7 (B.A.P. 9th Cir. April 16, 2014). Therefore, Anthony Thomas contends that any oral statements regarding his

financial condition and the Five Hundred Million Dollar Emerald cannot be the basis for nondischargeability under 11 U.S.C. § 523(a)(2).

### C. Electronic Plastics, LLC had prevailed relating to ownership of the technology.

Plaintiff's claim that Electronic Plastics, LLC that it did not have the ownership of the Smartcard technology and thus, was a fraudulent statement is not borne out by the facts. The United States District Court for the Northern District of California determined Electronic Plastics, LLC had a superior claim than E-Smart Technologies, Inc. *See* Order Re Contempt and Sanctions, *E-Smart Technologies, Inc. and IVI Smart Technologies, Inc. v. Wayne Drizin, Michael Gardiner, Electronic Plastics Corporation and A Card Company*, Case No. 3:06-05528- MHP, filed May 24, 2011, Dkt. 381.

### D. While Anthony Thomas denies that he improperly used the money, there was no "ear-marking" of the funds.

It appears that Plaintiff contends that the use of the money lent for reimbursement for travel expenses does not constitute use of the money for marketing purposes. Mr. Thomas traveled to various places to obtain purchasers of the Smartcard, including some outside of the United States. Kenmark will not be able to offer a document or other agreement that limits the use of the money for "production" and "marketing" or define those terms.

### E. Concealment and § 523(a)(2).

The Third Claim for Relief contends that Mr. Thomas concealed the fact that Electronic Plastics, LLC was not the owner of the Smartcard Technology. Besides the fact that Electronic Plastics, LLC prevailed in the E-Smart Technology litigation rather handily, the Chapter 7 Trustee of the Electronic Plastics, LLC case received an Order from the Bankruptcy Court in the Northern

District of California to sell the technology that Plaintiff contends that it did not own.  A statement cannot be fraudulent if it is true as shown by not one, but two Federal Court orders.

### 1.  Was there a duty to disclose this litigation?

If there was no duty to disclose the E-Smart Technology litigation, then there can be no fraud by concealment.    An omission gives rise to liability for fraud only when there is a duty to disclose. *In re Eashai,* 87 F.3d 1082, 1089 (9th Cir. 1996).  A party to a business transaction has a duty to disclose when the other party is ignorant of material facts which he does not have an opportunity to discover. *Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1324 (9th Cir. 1996).  The case number the E-Smart Technologies case is 3:06-05528, meaning that the case was both filed prior to the first meeting of Mr. Tersini and Mr. Thomas, and is certainly available to the public with little effort to find.  Did Mr. Tersini look at the U.S. Patent Trademark Office to see if Electronic Plastics, LLC filed a patent claim or any other entity for that matter.

### 3.    PLAINTIFF CANNOT MEET THE RELIANCE REQUIREMENT TO PREVAIL.

Because of the importance of reliance to Mr. Thomas' defense, a separate analysis is being offered. One of the main components of the actions of Mr. Tersini relates to the Emerald.  The Courts have gone from the "reasonable" reliance standard to "justifiable" reliance.  The justifiable standard is a more subjective standard which takes into account the knowledge and relationship of the parties themselves. *In re Kirsch*,973 F.3d 1454, 1458 (9th Cir. 1992). "A person of normal intelligence, experience, and education . . .may not put faith in the representations which any normal person would recognize at once as preposterous."  *See id.* citing W. Page Keeton, *et al., Prosser and Keeton on the Law of Torts,* § 108 at 749-50 (5th ed. 1984).  Mr. Tersini regularly uses attorneys for his business transactions; however, he did not seek experts to counsel him in the relevant acts in this case.

He did no due diligence to determine the value of the emerald prior to the investment. He did not ask to see or have any appraisers look at the emerald. Had Mr. Thomas said that the emerald was worth Six Million Dollars, Plaintiff would have a stronger case, ironically. Mr. Tersini relied upon a statement that the emerald was worth Five Hundred Million Dollars. Surely, this would enormous sum would put him on even more notice to verify the value. Kenmark has represented to the Circuit Court of Florida that the emerald was worth Five Hundred Million Dollars in its Complaint for Replevin; thus, there can be an admission that by Plaintiff that the value is Five Hundred Million.

As to the reliance regarding the business, Mr. Tersini employed Shawn Milligan to conduct his due diligence. Mr. Milligan is an inactive Certified Public Accountant and generally reviews transactions that Mr. Tersini may contemplate for their fiscal sense. There was not an extensive review in this case nor was there ever a technology consultant retained by Kenmark prior to investing, though all agents of the Plaintiff lacked sufficient knowledge relating to the technological aspects of the Smart Card.

**4.    EVIDENTIARY ISSUES.**

Plaintiff may contend that Defendants should be precluded from presenting any evidence at trial as Defendants' previous counsel did not provide list of documents and witnesses as required by Bankruptcy Rule 7026. Plaintiff's counsel had requested a waiver of a discovery plan, which means that Plaintiff has waived its right to the disclosures required under Rule 26. As such, there can be no objection to Defendants' exhibits based upon the lack of prior disclosure.

### VI.  LOG OF EXHIBITS

1.    Exhibit Log will be provided to the Court Clerk.

## VII.  SPECIAL TRIAL ISSUE

None.

## VIII.  WITNESS LIST

1. Anthony Thomas, Defendant;

2. Ken Tersini, Person Most Knowledgeable Plaintiff;

3. Mark Tersini, Member of Plaintiff;

4. Harriet Davidson, former bookkeeper of Electronic Plastics, LLC;

5. Max Van Ordern, member/investor of Electronic Plastics, LLC and present at discussions between Anthony Thomas and Ken Tersini;

6. Wendi Thomas.

7. Defendants reserve the right to supplement and/or amend this list at any time up to and including the day of trial.

DATED this 13th day of October, 2015.

JEFFREY A. COGAN, ESQ., LTD.

By  /s/ Jeffrey A. Cogan
    Jeffrey A. Cogan, Esq.
    Nevada Bar No. 4569
    6900 Westcliff Drive, Suite 602
    Las Vegas, Nevada 89145
    Telephone: (702) 474-4220
    Facsimile: (702) 474-4228
    Attorney for Debtors/Defendants