FILED

**NOT FOR PUBLICATION**

MAR 23 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ANTHONY THOMAS; et al.,<br><br>　　　　　　Debtors,<br>_____<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>　　　　　　Appellants,<br><br>　v.<br><br>KENMARK VENTURES, LLC,<br><br>　　　　　　Appellee. | No.　17-60042<br><br>BAP No. 16-1058<br><br>MEMORANDUM[*]<br><br>BK-14-50333-BTB<br><br>ADV 14-5022 BTB |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Lafferty III, Bankruptcy Judges, Presiding

Submitted February 13, 2018[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and STATON,[***] District Judge.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Anthony Thomas appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's judgment of nondischargeability under 11 U.S.C. § 523(a)(2)(A).  The bankruptcy court and the BAP each concluded that Thomas's debt to Kenmark was nondischargeable because it was incurred by fraud. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

I

As an initial matter, we deny Thomas's Motion to Supplement the Record with evidence that purports to challenge the legitimacy of the state court judgment debt underlying this appeal.  At the time of the bankruptcy trial, Thomas was aware of all facts related to his personal liability for the judgment, but he failed to raise these arguments.  Because "exceptional circumstances are lacking, we refuse to consider them now." *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 984 (9th Cir. 2011).

II

Turning to the substance of Thomas's appeal, Thomas argues that (1) he had no duty to disclose to Kenmark certain information regarding the Thomas Emerald; (2) Kenmark's reliance on Thomas's representations was not justifiable; and (3) there is not sufficient evidence that Thomas had the requisite intent to deceive Kenmark.

We independently review the bankruptcy court's rulings on appeal from the

BAP.  *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir. 1996).  Whether a creditor has proven an essential element of a claim is a "factual determination reviewed for clear error."  *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996).  We hold that the bankruptcy court did not clearly err in concluding that Kenmark proved the elements of fraud to support the nondischargeability judgment.

Kenmark's claim of fraud was based on Thomas's failure to disclose that the Thomas Emerald, the collateral pledged for Kenmark's loan to Electronic Plastics ("EP"), had been previously valued at amounts far lower than the amount of the loan.  Therefore, Kenmark was required to prove that (1) the omitted information was "material," and (2) the debtor had a duty to disclose the omitted information.  *See Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1323 (9th Cir. 1996).  The lower valuations of the Thomas Emerald were "material" because a reasonable lender would have considered them important in agreeing to the loan .  *See id.*  Further, Thomas had a duty to disclose those lower valuations because he selectively disclosed to Kenmark that the Thomas Emerald had, at one point, been valued at an amount substantially greater than the amount of the loan.  *See* Restatement (Second) of Torts § 551(2)(b) (1976) ("[A] party to a business transaction is under a duty to exercise reasonable care to disclose . . . matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts

from being misleading."); *In re Apte*, 96 F.3d at 1324 (applying the Restatement (Second) of Torts to determine the existence of a duty to disclose).

The element of justifiable reliance may be presumed where, as here, the fraud claim is based on the debtor's concealment of material facts. *In re Apte*, 96 F.3d at 1323. Therefore, because Thomas's omissions relating to the value of the Thomas Emerald were material, Kenmark's justifiable reliance may be presumed.

Thomas's intent to deceive can be inferred from the fact that Thomas knew that lower valuations of the Thomas Emerald existed and selectively disclosed to Kenmark only the higher valuation. *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997), *as amended* (Mar. 21, 1997) ("Intent to deceive can be inferred from surrounding circumstances.").

III

Separately, Thomas argues that the bankruptcy court erred in failing to clarify whether the nondischargeability judgment applies to Thomas's wife, Wendi. We construe a judgment so as to give effect to the stated intention of the issuing court. *United States v. 60.22 Acres of Land*, 638 F.2d 1176, 1178 (9th Cir. 1980). Wendi Thomas was not a subject of the bankruptcy court's judgment. No evidence was presented at trial that implicated Wendi Thomas in the fraud, and the bankruptcy court made no findings of fact as to her. Therefore, we do not find any

error in the bankruptcy court's judgment.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

### Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)
### Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)

(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ......................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[          ] v. [          ]    9th Cir. No. [     ]

The Clerk is requested to tax the following costs against: [          ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**\*\* | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

I, [        ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [        ]

("s/" plus attorney's name if submitted electronically)

Date [        ]

Name of Counsel: [        ]

Attorney for: [        ]

_____

*(To Be Completed by the Clerk)*

Date [        ]     Costs are taxed in the amount of $ [        ]

Clerk of Court

By: [        ] , Deputy Clerk

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANTHONY THOMAS; et al.,<br><br>  Debtors,<br><hr>ANTHONY THOMAS and WENDI THOMAS,<br><br>  Appellants,<br><br>  v.<br><br>KENMARK VENTURES, LLC,<br><br>  Appellee. | No. 17-60042<br><br>BAP No. 16-1058<br>BAP, Reno Bankruptcy Court<br><br>**MANDATE**<br><br>BK 14-50333-BTB<br><br>**ADV 14-5022-BTB** |

The judgment of this Court, entered March 23, 2018, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7